UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

        v.                              25 CR 417 (JSR)

FAISIL McCANTS,

                                   Plea
        Defendant.
------------------------------x

                                 New York, N.Y.
                                 November 25, 2025
                                 12:30 p.m.

Before:

                     HON. JED S. RAKOFF,

                                 District Judge

                      APPEARANCES

JAY CLAYTON
    United States Attorney for the
    Southern District of New York
BY:  BRANDON DOUGLAS HARPER
    ALEXANDRA S. MESSITER
    Assistant United States Attorneys

TAMARA GIWA
    Federal Defenders of New York, Inc.
    Attorney for the Defendant
BY:  AMY GALLICCHIO
    MICHAEL ARTHUS

Also Present:

ANTHONY QUINN, S.A. (Homeland Security)

HELIN MARTE, Det. (23rd Precinct)

(In open court; case called)

DEPUTY CLERK:  Will everyone please be seated, and will the parties please identify themselves for the record.

MR. HARPER:  Good afternoon, your Honor.

Assistant United States Attorney Brandon Harper for the government.

I'm joined at Counsel table by Assistant United States Attorney Alexandra Messiter, and two of the case agents in this matter, special Agent Anthony Quinn and Detective Helin Marte.

Your Honor, with the Court's indulgence, may I introduce two of the victim's family members who are also present in court.  In the galley is Stanley Williams, who was the victim's brother, and Robert Wright, who was her son.  Thank you.

THE COURT:  Thank you.

MS. GALLICCHIO:  Good afternoon, your Honor.

The Federal Defenders by Amy Gallicchio and Michael Arthus present with Mr. McCants, who is present.

THE COURT:  Good afternoon.

So my understanding is that the defendant wishes to withdraw his previous plea of not guilty and enter a plea of guilty to Count Two of the indictment (S1) 25 CR 417, is that right?

MS. GALLICCHIO:  Yes, your Honor.

THE COURT:  Place the defendant under oath.

(Defendant sworn)

THE COURT:  Mr. McCants, let me advise you that because you are under oath, anything that you say that is knowingly false could subject you to punishment for perjury or obstruction of justice or the making of false statements.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Do you read, write, speak and understand English?

THE DEFENDANT:  Yes.

THE COURT:  How old are you?  How old are you?

THE DEFENDANT:  18.

THE COURT:  How far did you go in school?

THE DEFENDANT:  Tenth grade.

THE COURT:  Have you ever been treated by a psychologist or psychiatrist?

THE DEFENDANT:  Yes.

THE COURT:  When was that most recently?

THE DEFENDANT:  About when I was 12 years old.

THE COURT:  Okay.  And without going into details, what was the general nature of that?

THE DEFENDANT:  Umm, mmm, I don't know how to say it.

MS. GALLICCHIO:  Can I have a moment?

THE COURT:  Yes.

(Client and counsel consult)

THE DEFENDANT:  Basically to deal with trauma and abuse.

THE COURT:  Okay.  Have you ever been hospitalized for any mental illness?

THE DEFENDANT:  No.

THE COURT:  Have you ever been treated or hospitalized for alcoholism?

THE DEFENDANT:  No.

THE COURT:  Have you ever been treated or hospitalized for drug addiction?

THE DEFENDANT:  No.

THE COURT:  Are you currently under the care of a doctor for any reason?

THE DEFENDANT:  No.

THE COURT:  In the last 24 hours, have you taken any pill or medicine of any kind?

THE DEFENDANT:  No.

THE COURT:  In the last 24 hours, have you taken any alcohol?

THE DEFENDANT:  No.

THE COURT:  In the last 24 hours, have you taken any narcotic?

THE DEFENDANT:  No.

THE COURT:  Is your mind clear today?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand these proceedings?

THE DEFENDANT:  Yes.

THE COURT:  On the basis of the defendant's responses to my questions, and my observations of his demeanor, I find that he is fully competent to enter an informed plea at this time.

Now, you have a right to be represented by counsel at every stage of these proceedings.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And if at any time you cannot afford counsel, then, as has already been the case, one will be appointed to represent you free of charge throughout the entire proceedings.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now, you're represented by Amy Gallicchio and Michael Arthus.  Are you satisfied with their representation?

THE DEFENDANT:  Yes.

THE COURT:  Have you had a full opportunity to discuss this matter with them?

THE DEFENDANT:  Yes.

THE COURT:  And have you told them everything you know about this matter?

THE DEFENDANT:  Yes.

THE COURT:  Now, you previously entered a plea of not

guilty to the indictment, but I understand that you wish to enter a plea to Count Two of the superseding indictment.  Is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Before I can accept any plea of guilty, I need to make certain you understand the rights you will be giving up if you plead guilty.  So I want to go over with you now the rights you will be giving up.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  First, you have a right to a speedy and a public trial by a jury on the charges against you.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And, second, if there were a trial, you would be presumed innocent, and the government would be required to prove your guilt beyond a reasonable doubt before you could be convicted of any charge.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Third, at the trial, you would have the right to be represented by counsel, and, once again, if you cannot afford counsel, the Court will continue representation of you by your current counsel free of charge throughout the trial and all other proceedings.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Fourth, at the trial, you would have the

right to see and hear all of the witnesses and all of the evidence against you, and your attorney could cross-examine the government's witnesses and object to the government's evidence. You could offer evidence on your own behalf if you so desired and could have subpoenas issued to compel the attendance of witnesses and other evidence on your behalf.  Do you understand all of that?

THE DEFENDANT:  Yes.

THE COURT:  Fifth, at the trial, you would have the right to testify if you wanted to, but no one could force you to testify if you did not want to, and no suggestion of guilt could be drawn against you simply because you chose not to testify.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Finally, even if you were convicted, you would have the right to appeal your conviction.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Now, do you understand that if you plead guilty, you will be giving up each and every one of those rights we just discussed?  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Very good.

Now, you've received a copy of the superseding indictment in this case.  Yes?

THE DEFENDANT:  Yes.

THE COURT:  And you've gone over it with your counsel?

THE DEFENDANT:  Yes.

THE COURT:  And you understand its terms?

THE DEFENDANT:  Yes.

THE COURT:  And let me ask defense counsel, do you want the indictment read again here in open court or do you waive the public reading?

MS. GALLICCHIO:  I would waive the public reading, your Honor.

THE COURT:  Now, Count Two of this indictment charges you, Mr. McCants, with using and carrying a machine gun during and in relation to a crime of violence; namely, a robbery, and, specifically, the Hobbs Act robbery mentioned in Count One of the indictment; and also with possessing a machine gun in furtherance of a crime of violence, which machine gun was brandished and discharged, and you're charged with all of that, as well as aiding and abetting that violation.  Do you understand those are the charges in Count Two of the indictment?

THE DEFENDANT:  Yes.

THE COURT:  And this charge carries a maximum term of life imprisonment, and a mandatory minimum term of 30 years, and a maximum fine of whichever is greatest, either $250,000 or twice any monetary gain from the crime or twice the loss to any

of the victims of the crime, plus a $100 mandatory special assessment.

Do you understand those are the maximum and mandatory minimum terms of imprisonment and fine that you face if you plead guilty to Count Two?

THE DEFENDANT:  Yes.

THE COURT:  Now, the Court will also in connection with your sentence have to calculate the Sentencing Guidelines. Now, I should advise you that this Court regards the Sentencing Guidelines as completely and totally irrational, and they will play little or no role in my sentence.  But I still have to calculate them.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  And in that connection, I've been furnished with a letter agreement which I will mark as Court Exhibit 1 to today's proceeding, and it takes the form of a letter from government counsel to defense counsel dated November 4, 2025, and it appears, Mr. McCants, that you signed it a few days ago.  Is that right?

THE DEFENDANT:  Yes.

THE COURT:  And before signing it, did you read it?

THE DEFENDANT:  Yes.

THE COURT:  Did you discuss it with your counsel?

THE DEFENDANT:  Yes.

THE COURT:  Did you understand its terms?

THE DEFENDANT: Yes.

THE COURT: And did you sign it in order to indicate your agreement to its terms?

THE DEFENDANT: Yes.

THE COURT: Now, this letter agreement is binding between you and the government, but it is not binding on me. You understand that?

THE DEFENDANT: Yes.

THE COURT: So, for example, this letter agreement says that the guidelines are really an irrelevancy because of the mandatory minimum, 360 months or 30 years. So, technically, the guideline calculation is also 30 years, but the more important thing is it's a mandatory minimum, so I have no choice, I will have to impose at least a 30-year sentence. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Now, it's possible I will impose more than that. I have no idea at this point in time. But if you plead guilty, you will be bound by my sentence. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: And under your agreement with the government, you have agreed not to appeal or otherwise challenge your sentence. Do you understand that?

MS. GALLICCHIO: I think just, your Honor, if it's

above the guideline range of 30 years -- I'm sorry -- if it's below the guideline range.  The guideline range or below.

THE COURT:  Yes.  Thank you very much.

So you understand that if I impose 30 years or less, you have agreed not to -- I can't impose less, so if I impose the 30-year sentence but nothing more, you've agreed not to appeal or otherwise attack your sentence.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Does the government represent that this letter agreement is the entirety of any and all agreements between the government and Mr. McCants?

MR. HARPER:  Yes, your Honor.

THE COURT:  Does defense counsel confirm that as correct?

MS. GALLICCHIO:  Yes, your Honor.

THE COURT:  Mr. McCants, do you confirm that as well?

THE DEFENDANT:  Yes.

THE COURT:  Mr. McCants, other than the government, has anyone else made any kind of promise to you or offered you any inducement to get you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Has anyone threatened or coerced you to get you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Does the government represent that if this case were to go to trial, you can through proper evidence prove every essential element of the crime beyond a reasonable doubt?

MR. HARPER:  Yes, your Honor.

THE COURT:  And do you want to summarize the elements?

MR. HARPER:  Certainly, your Honor.

If this case proceeded to trial, the government would have to prove the following five elements beyond a reasonable doubt:

First, the defendant committed the crime of violence charged in Count One of the indictment; namely, a Hobbs Act robbery;

Second, that the defendant knowingly used, carried or possessed a firearm;

Third, that the defendant's use or carrying of a firearm was during and in relationship or the possession of the firearm was in furtherance of the crime of violence.

Fourth, that the firearm was a machine gun; and

Fifth, that the defendant knew the firearm was a machine gun; that is, a firearm designed to shoot automatically more than one shot without manual reloading by a single function of the trigger.

In addition, the government would be required to prove by a preponderance of the evidence that venue is appropriate in the Southern District of New York.

THE COURT: And since Count Two subsumes Count One, what are the elements of Count One?

MR. HARPER: The elements of Count One is that the defendant committed a Hobbs Act robbery are the following:

First, that the defendant obtained property from another without that person's consent.

Second, the defendant did so by wrongful use of actual or threatened force, violence or fear.

Third, that as a result of the defendant's actions, interstate commerce or an item moving in interstate commerce was actually or potentially delayed, obstructed or affected in any way or degree.

THE COURT: So, in light of all of that, Mr. McCants, tell me in your own words what it is that you did that makes you guilty of Count Two.

THE DEFENDANT: On August 27, 2025, I used a gun to rob someone of marijuana. While running away, I fired that gun. That gun was able to shoot multiple shots by pulling the trigger once. One of the pulling from my gun struck and killed Robin Wright. I knew that my actions broke the law.

THE COURT: Is there anything else regarding the factual portion of the allocution that the government wishes the Court to inquire about?

MR. HARPER: Just one clarifying question, your Honor. The defendant said that the firearm was capable of firing

multiple shots. I just wanted to confirm that he knew or understood that that was the case of the firearm.

THE COURT: So, Mr. McCants, this was a machine gun, right?

THE DEFENDANT: Yes.

THE COURT: And you knew it was a machine gun?

THE DEFENDANT: No.

THE COURT: No?

THE DEFENDANT: No.

THE COURT: What did you think? What kind of gun did you think it was?

THE DEFENDANT: A handgun.

THE COURT: So was it a handgun capable of firing more than one shot at a time?

THE DEFENDANT: Yes.

THE COURT: And you knew that?

THE DEFENDANT: Yes.

THE COURT: Okay. All right.

MR. HARPER: Your Honor, that's sufficient. Thank you.

THE COURT: Is there anything else regarding any aspect of the allocution that either counsel wishes the Court to further inquire about before I ask the defendant to enter his plea?

Anything else from the government?

MR. HARPER:  No further questions, your Honor.  We would proffer that the offense took place in East Harlem, which is in the Southern District of New York.

THE COURT:  I'll ask the defendant, is that where -- were you in East Harlem when this occurred?

THE DEFENDANT:  Yes.

MR. HARPER:  Thank you.

THE COURT:  Anything from defense counsel?

MS. GALLICCHIO:  No, your Honor.

THE COURT:  Mr. McCants, in light of everything we've now discussed, how do you now plead to Count Two?  Guilty or not guilty.

THE DEFENDANT:  Guilty.

THE COURT:  Because the defendant has acknowledged his guilt as charged, because he has shown that he understands his rights, and because his plea is entered knowingly and voluntarily, and supported by an independent basis in fact containing each of the essential elements of the facts, I accept his plea and adjudge him guilty of Count Two of superseding indictment (S1) 25 CR 417.

Mr. McCants, the next stage of this process is that the probation office will prepare what's called a presentence report to assist me in determining sentence.  As part of that, you will be interviewed by the probation officer.  You can have your counsel present with you during the interview to advise

you of your rights, but under my practices, you personally have to answer the questions put to you by the probation officer. Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  After that report is in draft form, but before it's in final form, you and your counsel and also government counsel have a chance to review it and to offer suggestions, corrections or additions directly to the probation officer, who will then prepare the report in final form to come to me.

Independent of that, counsel for both sides are hereby given leave to submit directly to the Court in writing any and all materials bearing on any aspect of sentence provided those materials are submitted no later than one week before sentence.

We will put the sentence down for?

DEPUTY CLERK:  Tuesday, March 3 at 3:00.

MS. GALLICCHIO:  Your Honor, I'm going to ask if the Court would consider giving us a little bit longer, given the nature of this crime and severity of the penalties.

THE COURT:  How much longer do you want?

MS. GALLICCHIO:  I think normally you would give 90 days.  I think four months, 120 days would be sufficient.

THE COURT:  All right.  Let's see what that comes out as.

DEPUTY CLERK:  Say Tuesday, March 31 at 3:00.

THE COURT:  Tuesday, March 31 at 3:00 p.m.

MS. GALLICCHIO:  That's fine, your Honor.

THE COURT:  That works for the government?

MR. HARPER:  Yes, your Honor.  Thank you.

THE COURT:  Very good.

Anything else we need to take up today?

MR. HARPER:  No.  Thank you, your Honor.

MS. GALLICCHIO:  No, your Honor.  Thank you.

(Adjourned)